IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

        Plaintiff,                No. CIV S-09-0619 GEB EFB P

    vs.

D. SWINGLE, et al.,
                               <u>ORDER</u>

        Defendants.

_____/

      Plaintiff is a state prisoner proceeding without counsel in civil rights actions brought under 42 U.S.C. § 1983.  The case was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  On June 1, 2010, defendants Swingle, Medina and Barker ("defendants") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  Dckt. No. 28.  Plaintiff filed an opposition to the motion, and thereafter, filed a second amended complaint.  Dckt. Nos. 31, 34.

      As defendants point out in their reply brief, plaintiff must have leave of court to amend his complaint.  Dckt. No. 35 at 4.  Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Here, plaintiff

1   already amended his complaint once as a matter of course.  *See* Dckt. Nos. 9, 15.

2          Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its

3   pleading only with the opposing party's written consent or the court's leave.  The court should

4   freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The policy of freely

5   granting leave to amend should be applied with "extreme liberality."  *DCD Programs, Ltd. v.*

6   *Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  When determining whether to grant leave to amend

7   under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith;

8   (3) futility of amendment; and (4) prejudice to the opposing party.  *Foman v. Davis*, 371 U.S.

9   178, 182 (1962).  Granting or denying leave to amend rests in the sound discretion of the trial

10  court, and will be reversed only for abuse of discretion.  *Swanson v. U.S. Forest Serv.*, 87 F.3d

11  339, 343 (9th Cir. 1996).

12         Although plaintiff did not expressly seek leave to amend, by filing an amended

13  complaint, it appears that he desires such leave.  *See also* Pl.'s Decl. in Supp. of Opp'n to Defs.'

14  Mot. to Dism. (Dckt. No. 38) at 2 (arguing that his amended/supplemental complaint is proper).

15  Accordingly, plaintiff's second amended complaint will be construed as a request for leave to

16  file the second amended complaint.  There is no indication that plaintiff, who is appearing pro se,

17  unduly delayed in requesting leave to amend after receiving defendants' motion to dismiss for

18  failure to state a claim or that his filing was made in bad faith.  Further, the amendments made by

19  plaintiff, which will be screened by the court pursuant to 28 U.S.C. § 1915A, are not futile.  The

20  court acknowledges that defendants filed a motion to dismiss, but even if their motion were

21  granted, plaintiff would be given leave to amend to correct the deficiencies identified by the

22  defendants.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (noting that a district

23  court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to

24  dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure

25  them).  Accordingly, plaintiff's motion to amend his complaint will be granted and the court

26  will, by separate order, screen the second amended complaint pursuant to § 1915A.

As a result, defendants' motion to dismiss is denied as moot.  Plaintiff's second amended complaint supersedes the earlier complaint, which defendants have moved to dismiss, rendering the earlier complaint of no legal effect and the motion to dismiss moot.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's second amended complaint (Dckt. No. 34) is construed as a request for leave to file the second amended complaint, and is granted.

2.  Defendants Swingle, Medina and Barker's motion to dismiss (Dckt. No. 28) is denied without prejudice, as moot.

Dated:  January 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE