1

2

3

4

5

6

7                        IN THE UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   MALIK JONES,

11            Plaintiff,                        No. CIV S-09-0619 GEB EFB P

12       vs.

13   D. SWINGLE, et al.,

14            Defendants.                FINDINGS AND RECOMMENDATIONS

15   _____/

16       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  He proceeds on his June 14, 2010 second amended complaint, which

18   alleges that defendants Swingle, Medina, Barker, Luther, and Harper were deliberately

19   indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment and that

20   defendant Burgett retaliated against plaintiff for filing inmate appeals by confiscating plaintiff's

21   wheelchair.  On May 3, 2010, plaintiff filed a motion for a preliminary injunction, and thereafter

22   supplemented that motion with additional declarations and requests.  *See* Dckt. Nos. 26, 29, 30,

23   39, 42, 43, 44.  On January 7, 2011, the court construed these filings together, as a single motion

24   for preliminary injunctive relief and ordered defendants to file a response.  Dckt. No. 48.

25   Defendants timely responded.  Dckt. No. 50.  For the reasons stated, the court recommends that

26   plaintiff's motion for injunctive relief be denied.

1

1    Essentially, through his numerous filings, plaintiff requests injunctive relief in the form

2    of a court order that: 1) prevents defendants and others from depriving plaintiff of his wheelchair

3    (Dckt. No. 26 at 3[1]); 2) corrects plaintiff's "ADA/DPP code back to DPO" (*Id.* at 6); 3) provides

4    plaintiff with a four point cane, an arm brace, and exemptions from waist chains and prolonged

5    standing (*Id.*); 4) returns to plaintiff his personal wheelchair (*Id.* at 5); 5) transfers plaintiff from

6    High Desert State Prison to a more racially diverse prison (*Id.*); 6) returns to plaintiff the legal

7    property that was taken during a May 21, 2010 cell extraction (Dckt. No. 29 at 2); 7) orders

8    defendants to produce a video recording of plaintiff doing "burpees," since that is the supposed

9    reason why defendants have denied plaintiff his medical appliances (*Id.* at 2); and 8) requires

10   that before making medical decisions regarding plaintiff's "DPP/ADD" or plaintiff's mobility

11   devices, doctors consult with the person who has power of attorney to make health care decisions

12   for plaintiff (Dckt. No. 43 at 2).

13   A preliminary injunction will not issue unless necessary to prevent threatened injury that

14   would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc.*

15   *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

16   F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching

17   power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter,*

18   *Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a

19   party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer

20   irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

21   and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127

22   (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth

23   Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions--that

24   is, balancing the elements of the preliminary injunction test, so that a stronger showing of one

25

26   [1]   For ease of reference, all references to page numbers in plaintiff's filings are to those
assigned via the court's electronic filing system.

1   element may offset a weaker showing of another--survives *Winter* and continues to be valid.

2   *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  In cases brought by

3   prisoners involving conditions of confinement, any preliminary injunction "must be narrowly

4   drawn, extend no further than necessary to correct the harm the court finds requires preliminary

5   relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

6       In their opposition, defendants argue that plaintiff's motion for injunctive relief should be

7   denied because plaintiff was transferred from High Desert State Prison to California State Prison,

8   Sacramento, and defendants, who are alleged to be High Desert employees, can no longer

9   provide plaintiff with the accommodations he seeks.  Dckt. No. 50 at 5.  *See also* Dckt. No. 41

10  (Plaintiff's August 2, 2010 Notice of Change of Address).  Moreover, defendants assert that the

11  court has no personal jurisdiction over non-defendant employees at California State Prison,

12  Sacramento.  Dckt. No. 50 at 5.  Defendants also argue that plaintiff's request for a videotape of

13  him doing "burpees" is nothing more than a premature discovery request.  *Id.*  Finally,

14  defendants claim that plaintiff's request for the return of legal property allegedly confiscated by

15  unnamed High Desert officials, should be denied because this action is not proceeding on any

16  claim for the confiscation of legal property and the court therefore lacks subject matter

17  jurisdiction to issue a preliminary injunction on that matter.  *Id.* at 5-6.

18      As a threshold matter, plaintiff fails to indicate how or why he is likely to succeed on the

19  merits in this action.  His requests for a transfer to a more racially diverse prison and for the

20  return of his legal property are not related to the underlying claims in this action, which relate to

21  alleged deliberate indifference to his medical needs and a claim that Burgett retaliated against

22  him by confiscating his wheelchair.[2]

23  ////

24

25      [2] Plaintiff is hereby informed that inmates do not have a constitutional right to be housed
at a particular facility or institution or to be transferred, or not transferred, from one facility or
institution to another.  *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Johnson v. Moore*,
26  948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

1  Additionally, given plaintiff's transfer from High Desert to Sacramento, the defendants,

2  who are High Desert employees, are no longer involved in plaintiff's medical care and cannot

3  provide plaintiff with the relief he seeks.  Further, the court cannot, without a further showing of

4  concerted action, direct officials at Sacramento, who are not parties to this action, to provide

5  plaintiff with the relief he seeks.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S.

6  100, 112 (1969);  *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir.

7  1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and

8  subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons

9  not before the court.").  While it is clear that the court could, where preliminary injunctive relief

10  is otherwise appropriate, enjoin other prison officials not a party to this case if they were acting

11  in concert with the defendants herein, there is no showing that any such conduct is occurring or

12  is imminent.

13  Finally, in a declaration submitted by plaintiff on January 20, 2011, he indicates that he

14  has been given back his wheelchair and four point cane, and that his "ADA/DPP code has been

15  corrected back to DPD."  Dckt. No. 51 at 1.  Plaintiff's corresponding requests for injunctive

16  relief are therefore moot.  While plaintiff indicates that he has a loaner wheelchair, he states that

17  he would still like his personal wheelchair to be returned to him.  However, plaintiff has not

18  demonstrated that he is likely to suffer irreparable harm in the absence of a court order directing

19  that his personal wheelchair be located and returned to him.

20  As to plaintiff's request for a videotape of him doing "burpees," the court also agrees

21  with defendants that the request ought to be addressed in a request for discovery from

22  defendants.  After defendants file an answer, the court will issue a discovery and scheduling

23  order which will provide the parties with time in which to conduct discovery.

24  ////

25  ////

26  ////

4

1    In light of the above, it is HEREBY RECOMMENDED that plaintiff's motions for a

2  preliminary injunction, Dckt. Nos.  26, 29, 30, 39, 42, 43, and 44, be denied.

3    These findings and recommendations are submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

9  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10  Dated:  February 9, 2011.

11

_____
EDMUND F. BRENNAN
12                                                      UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26