1
2
3
4
5
6
7
8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MALIK JONES,

11            Plaintiff,                    No. CIV S-09-0619 GEB EFB P

12       vs.

13   D. SWINGLE, et al.,
                                           ORDER AND
14            Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16       Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action

17   brought under 42 U.S.C. § 1983.  Presently before the court is plaintiff's third amended

18   complaint.

19   **I.    Background**

20       Plaintiff filed an initial complaint on March 5, 2009.  Dckt. No. 1.  Thereafter, he filed a

21   motion to amend the complaint. Dckt. No. 9.  The court founds that, for the limited purposes of

22   § 1915A screening, the two documents, read together as an amended complaint, stated

23   cognizable claims for relief against defendants Swingle, Medina, Barker, and Reglie.  *See* 28

24   U.S.C. § 1915A. Dckt. No. 15.  Thereafter, defendants Swingle, Medina and Barker were served

25   with process.  Dckt. No. 36.

26   ////

1

On June 14, 2010, plaintiff filed a second amended complaint. Dckt. No. 34. On January 7, 2011, the court found that the second amended complaint stated potentially cognizable claims that defendants Swingle, Medina, Barker, Luther, and Harper were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment and that defendant Burgett retaliated against plaintiff for filing inmate appeals by confiscating plaintiff's wheelchair. The court further found that the remaining additional claims asserted in the second amended complaint, including those against Wilcox and Blanthorn, were deficient. The court gave plaintiff 30 days to either submit materials for service on the unserved defendants or to file an amended complaint attempting to cure the deficiencies identified by the court.

The court also declined to screen the complaint for claims against defendant "Wregly" or "Reglie," because it had recommended that such defendant be dismissed from this action without prejudice because plaintiff, despite warnings from the court, failed to provide accurate instructions for service of process upon this defendant. Dckt. No. 49 at 3 n.1. On January 31, 2011, the district judge adopted that recommendation and dismissed defendant Reglie from this action, without prejudice. Dckt. No. 52.

After plaintiff failed to comply with the January 7, 2011 screening order directing plaintiff to either submit the materials necessary for service on defendants, or to file an amended complaint, the court recommended that the unserved defendants and the deficient claims identified in the January 7, 2011 order, be dismissed without prejudice. Dckt. No. 34.

Shortly thereafter, plaintiff objected to that recommendation and filed a third amended complaint. Plaintiff claims he was transferred to another prison, did not have access to his legal property, and that he had attempted to file a request for an extension of time. Dckt. No. 57. Accordingly, the court will vacate the March 11, 2011 findings and recommendations and screen plaintiff's third amended complaint.

////

////

## II.     Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The third amended complaint is nearly identical to the second amended complaint. It states potentially cognizable claims that defendants Swingle, Medina, Barker, Luther, and Harper were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment and that defendant Burgett retaliated against plaintiff for filing inmate appeals by confiscating plaintiff's wheelchair. The only new allegations appear to be in paragraphs 54 through 57 which, liberally construed with the rest of the complaint, state a cognizable claim that defendant Lankford was also deliberately indifferent to plaintiff's medical needs when he allegedly falsified documents in an effort to deprive plaintiff of his wheelchair.

With the exception of paragraphs 54 through 57, the third amended complaint appears to be identical in all material respects to the second amended complaint, and thus, fails to correct the deficiencies in the remaining claims, including those against defendants Wilcox and Blanthorn.  Those deficiencies were set forth as follows in the court's previous screening order:

> Plaintiff alleges that after he complained about inadequate medical care, defendant Swingle retaliated against plaintiff by "committ[ing] racial and sexual misconduct against plaintiff." Dckt. No. 34, ¶¶ 25, 26. Plaintiff also alleges that on a different date, defendant Medina "retaliated" against plaintiff by "committ[ing] sexual misconduct on [plaintiff]." *Id.* ¶ 40.

> While inmates have a federal right to petition for redress of grievances and to file suit without being subjected to retaliation, plaintiff's conclusory allegations do not support such a claim. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). To prove retaliation, plaintiff must show that a state actor took some adverse action against him because of his protected conduct, and that such action chilled the inmate's exercise of his First Amendment rights and did not reasonably advance a legitimate penological purpose. *See Rhodes*, 408 F.3d at

567-68 (9th Cir. 2005); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). Here, plaintiff's conclusory allegations do not support a finding that defendants Swingle or Medina engaged in racial or sexual misconduct against plaintiff, or that they took any actions because plaintiff participated in protected activities. Accordingly, these claims are dismissed with leave to amend.

Plaintiff alleges that defendant Blanthorn attempted to get Wregly to conspire with him to take plaintiff's wheelchair. Dckt. No. 34 at ¶ 45. However, plaintiff does not allege that Blanthorn took plaintiff's wheelchair or otherwise caused him any harm. As the allegations fail to show how Blanthorn personally participated in violating plaintiff's federal rights, claims against Blanthorn are dismissed with leave to amend.

Plaintiff also alleges that he was beaten by High Desert officials, which severely injured plaintiff, and required plaintiff to undergo surgery to "have his right forearm rebuilt with metal . . . ." *Id.* ¶ 47. Plaintiff does not purport to bring a claim based on the alleged beating. Rather, he claims that defendant Wilcox informed plaintiff that a review of plaintiff's medical records and a physical exam of plaintiff's right arm indicates that the right arm never sustained any injuries. *Id.* It is unclear what claim, if any, plaintiff intends to pursue against Wilcox based on Wilcox's alleged misrepresentation. However, plaintiff is informed that the Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). In order to state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

In his second amended complaint, plaintiff also purports to bring several tort claims under California law. However, plaintiff fails to allege compliance with California's Tort Claims Act (also known as the Government Claims Act). *See* Cal. Gov't Code §§ 810 *et seq*. Without such compliance, plaintiff cannot proceed on these claims. *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d. 1470, 1477 (9th Cir. 1995).

Dckt. No. 49 at 3-4 (footnote omitted).  As noted, the third amended complaint does not correct these deficiencies. Therefore, the court will recommend that all remaining claims, including those against defendants Wilcox and Blanthorn be dismissed from this action without prejudice. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

////

////

4

Accordingly, the court hereby orders that:

1. The March 11, 2011 findings and recommendations are vacated.

2. The allegations in the pleading are sufficient at least to state potentially cognizable claims that defendants Swingle, Medina, Barker, Luther, Harper, and Lankford were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment and that defendant Burgett retaliated against plaintiff for filing inmate appeals by confiscating plaintiff's wheelchair.  *See* 28 U.S.C. § 1915A.

3. The Clerk of the Court shall send plaintiff a blank summons, a copy of the complaint filed March 30, 2011, three USM-285 forms and instructions for service of process on defendants Luther, Harper, and Lankford.

4. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 forms and three copies of the endorsed March 30, 2011 complaint.  Failure to comply with this order will result in a recommendation that this action be dismissed.

5. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants Luther, Harper, and Lankford pursuant to Federal Rule of Civil Procedure 4 without payment of costs.  Defendants Luther, Harper, and Lankford will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure and defendants Swingle, Medina and Barker may file their response at the same time.

Further, IT IS HEREBY RECOMMENDED that the remaining claims, including those against defendants Wilcox and Blanthorn be dismissed without prejudice due to plaintiff's failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

1    with the court and serve a copy on all parties.  Such a document should be captioned "Objections

2    to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

3    objections within the specified time may waive the right to appeal the District Court's order.

4    *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

5    Dated:   February 10, 2012.

6

7                                    EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9    MALIK JONES,

10          Plaintiff,                    No. CIV S-09-0619 GEB EFB P

11          vs.

12   D. SWINGLE, et al.,

13          Defendants.              <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

14   _____/

15

16          Plaintiff hereby submits the following documents in compliance with the court's

17   Screening Order:

18              <u>    1    </u>          completed summons form

19              <u>    3    </u>          completed forms USM-285

20              <u>    4    </u>          copies of the March 30, 2011 Third Amended Complaint

21

22   Dated:

23                                   _____
                                               Plaintiff

24

25

26

                                        7