IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

       Plaintiff,                  No. 2:09-cv-0619 GEB EFB P

  vs.

SWINGLE, et al.,

       Defendants.        <u>ORDER</u>

                              /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On March 28, 2013, defendants filed a motion to dismiss for failure to exhaust administrative remedies. Dckt. No. 95. Defendants' motion did not include a notice to plaintiff informing him of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003). Accordingly, the court hereby provides plaintiff with the requisite notice in the attached "*Wyatt* Notice."

////

////

////

1

1    As plaintiff has now received the notice required by *Woods*, IT IS HEREBY ORDERED
2 that plaintiff's opposition to defendants' motion to dismiss is due within 21 days of the date of
3 this order, and that defendants' reply, if any, is due within fourteen days thereafter.
4 DATED: April 4, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

**Wyatt Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion to dismiss for failure to exhaust administrative remedies. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003). The court requires that you be provided with this notice regarding the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for which you did not exhaust available administrative remedies. A "motion to dismiss for failure to exhaust administrative remedies is similar to a motion for a summary judgment in that the district court will consider materials beyond the pleadings." Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012). The defendant may submit affidavits or declarations under penalty of perjury and admissible documents in support of the motion.

To oppose the motion, you must submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth facts regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

////

1    If the court grants the defendant's motion, whether opposed or unopposed, your
2 unexhausted claims will be dismissed. If all of your claims are unexhausted, your entire case
3 will be over. If, however, you exhaust administrative remedies for your claims at a later date,
4 you may raise those claims in a new action.