IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

      Plaintiff,                    No. 2:09-cv-0619 GEB EFB P

      vs.

D. SWINGLE, et al.,

      Defendants.               ORDER

_____/

      Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On March 28, 2013, defendants filed a motion to dismiss for failure to exhaust administrative remedies, and on April 4, 2013, the court informed plaintiff of the requirements for opposing such a motion. *See* Fed. R. Civ. P. 12(b); *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003). The time for acting has passed, and plaintiff has not filed an opposition or otherwise responded to the motion.

      In cases in which one party is incarcerated and proceeding without counsel, motions ordinarily are submitted on the record without oral argument. Local Rule 230(l).[1] "Opposition,

---

[1] This rule continues to apply despite plaintiff's release from custody. *See* Dckt. No. 89.

1

1  if any, to the granting of the motion shall be served and filed by the responding party not more
2  than twenty-one (21), days after the date of service of the motion." *Id*.  A responding party's
3  failure "to file an opposition or to file a statement of no opposition may be deemed a waiver of
4  any opposition to the granting of the motion and may result in the imposition of sanctions." *Id*.

5  Furthermore, a party's failure to comply with any order or with the Local Rules "may be
6  grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or
7  within the inherent power of the Court."  Local Rule 110.  The court may recommend that an
8  action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the
9  Local Rules.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not
10 abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file
11 an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856
12 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local
13 rule regarding notice of change of address affirmed).

14 On November 29, 2013, the court reminded plaintiff of the requirements for filing an
15 opposition to the motion, that failure to oppose such a motion may be deemed a waiver of
16 opposition to the motion and that failure to comply with the Local Rules may result in a
17 recommendation of dismissal.

18 Accordingly, it is hereby ORDERED that, within 21 days of the date of this order,
19 plaintiff shall file either an opposition to the motion to dismiss or a statement of no opposition.
20 Failure to comply with this order may result in this action being dismissed without prejudice.
21 DATED:  April 29, 2013.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE